Yesy Sanchez (YS-0502)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Artemis Roussodimou, *on behalf of herself and others similarly situated,* )<br><br>*Plaintiff,* )<br><br>-v- )<br><br>Assos, Inc. d/b/a Aegean Cafe, Stavros Kokkosis a/k/a "Steve", and Themis Konstantatos a/k/a "Timmy", *jointly and severally,* )<br><br>*Defendants.* ) | Civil Case No.:<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

### NATURE OF THE ACTION

1.       Plaintiff Artemis Roussodimou, ("Plaintiff"), on behalf of herself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages overtime compensation, and misappropriated tips. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, misappropriation of tips, spread-of-hours pay, and notice and record-keeping violations.

1

## SUMMARY

2.     Plaintiff was employed by Defendants, Assos, Inc. d/b/a/ Aegean Cafe, Stavros Kokkosis, also known as Steve, and Themis Konstantatos also known as Timmy ("Defendants"), as a waitress for a period of approximately fifteen (15) years starting in January 2001 and ending in September 30, 2016.

3.     Plaintiff consistently worked for Defendants more than forty (40) hours per week.

4.     However, Defendants paid the Plaintiff below minimum wage for each hour worked and failed to pay her overtime premium and spread-of-hours pay.

5.     Defendant Stavros Kokkosis also misappropriated Plaintiff's tips by retaining a portion of the tips for himself.

6.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees lawful compensation by knowingly violating the FLSA and NYLL.

7.     As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

8.     Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of herself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

9.     This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

10.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11.     Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**
**Plaintiff**

**Artemis Roussodimou**

12.     Plaintiff Artemis Roussodimou ("Plaintiff") is an adult individual residing in the state of New York, County of Suffolk.

13.     Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

14.     Plaintiff was employed at the Aegean Cafe, located at 35 Main St. Sayville, NY 11782.

15.     Plaintiff worked for the Defendants for fifteen (15) years until her termination on September 30, 2016.

16.     Plaintiff was employed by the Defendants as a waitress since January 2001.

17.     Plaintiff regularly handled goods in interstate commerce during her employment, such as food and drinks made from ingredients that were imported from outside the State of New York.

18.     During her employment with the Defendants, Plaintiff worked five (5) days per week. Plaintiff worked from 11 am to 10pm on Monday, Tuesday, Friday, and Saturday, and worked from 12pm to 8pm on Sundays. Plaintiff's hours worked averaged approximately fifty-two (52) hours per week.

19.     Plaintiff received her pay in cash at all times.

20.     Plaintiff's pay, as determined by Defendants, was Three Dollars ($3) per hour up to February 2016. From February 2016 onwards, the Defendants increased her pay to Three and 84/100 Dollars ($3.84). From 2013 to 2015, she was also paid an amount of $50 every other Sunday for the extra work done by her. From September 2015, she was paid $70 every other Sunday.

21.     Plaintiff also received cash and credit card tips while employed by the Defendants. However, Defendant Stavros Kokkosis misappropriated her tips by taking away a significant portion from all the credit card tips received by her.

22.     As a result of Defendants' misappropriation of Plaintiff's tips, Defendants were not entitled to take a tip credit against her wages.

23.     Moreover, Plaintiff never agreed to nor was she provided any information or notice by the Defendants of their intention to use a tip credit against her wages.

24.     On multiple occasions, Plaintiff formally complained to Defendant Stavros Kokkosis regarding Defendants' unlawful practices concerning her tips and pay, however, she

was still not compensated properly.

25.     Defendants paid Plaintiff below minimum wage at all times for each hour worked.

26.     Defendants repeatedly suffered or permitted Plaintiff to work over Forty (40) hours per week without paying her the appropriate premium overtime pay of one and one half times the statutory minimum hourly rate.

27.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift extended for more than ten (10) hours.

28.     Throughout Plaintiff's employment with Defendants, Defendants did not utilize a time clock system or any other system in which to accurately keep track of Plaintiff's hours of work.

29.     Plaintiff was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

30.     Plaintiff was never provided with wage statements or other records detailing dates worked, money received and the employer's details at any point during the time of her employment with Defendants.

31.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

32.     Throughout the duration of her employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did she exercise discretion or

independent judgment with respect to matters of significance.

33.     Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

34.     Plaintiff has personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid minimum and overtime wages.

### Defendants

35.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a.     Defendants all suffered or permitted Plaintiff to work.

b.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.     Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

d.     Defendants all simultaneously benefitted from Plaintiff's work.

e.     Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.     Plaintiff and similarly situated employees performed work integral to the Corporate Defendant's operation.

36.     In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

6

**Corporate Defendants**

**Assos, Inc. d/b/a Aegean Cafe**

37.     Aegean Cafe is the trade name of Assos, Inc., a domestic corporation organized and existing under the laws of the State of New York with a principal place of business located at 35 Main Street, Sayville, NY 11782.

38.     Assos, Inc. is a New York corporation and owns and operates the restaurant "Aegean Cafe", located at 35 Main Street, Sayville, NY 11782.

39.     Aegean Cafe is open Seven (7) days per week. It is open Monday-Saturday from 11 am to 10 pm and on Sundays it is open from 12 pm to 10 pm, according to their website: http://www.sayvilleaegeancafe.com/html/location.html. It employs full-time a number of staff including cooks, waiters, waitresses, and bussers.

40.     At all relevant times, Aegean Cafe was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

41.     At all relevant times, Aegean Cafe maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to her.

42.     At all relevant times, Aegean Cafe was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients imported from out of state and distributed in New York. In addition, Aegean Cafe conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

43.     Upon information and belief, at all relevant times, Aegean Cafe's annual gross

volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

## Individual Defendants

### Stavros Kokkosis a/k/a "Steve"

44.     Upon information and belief, at all relevant times, Stavros Kokkosis, also known as "Steve" ("Kokkosis") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

45.     At all relevant times throughout Plaintiff's employment, Kokkosis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

46.     At all relevant times throughout Plaintiff's employment, Kokkosis was actively involved in the day-to-day operations of Corporate Defendant and was in charge of its finances.

47.     At all relevant times throughout Plaintiff's employment, Kokkosis was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

### Themis Konstantatos a/k/a "Timmy"

48.     Upon information and belief, at all relevant times, Themis Konstantatos also known as Timmy ("Themis") was, at the time of Plaintiff's employment owner, principal,

8

authorized operator, manager, shareholder and/or agent of Corporate Defendant.

49.     At all relevant times throughout Plaintiff's employment, Themis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

50.     At all relevant times throughout Plaintiff's employment, Themis was actively involved in the day-to-day operations of the Corporate Defendant and was in charge of its finances.

51.     At all relevant times throughout Plaintiff's employment, Themis was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

52.     Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiff brings her First, Second, and Third causes of action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since November 29 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as cooks, waiters, runners, bussers, cashiers, hostesses and other non-management employees (the "Collective Action Members").

53.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. In addition, Plaintiff and the collective action members were all victims of Defendant Kokkosis' policy of misappropriating employees' tips.

54.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

55.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

56.     Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

57.     At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

58.     At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

59.     Defendants were required to pay directly to Plaintiff and the Collective Action Members, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

60.     Defendants failed to pay Plaintiff and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

61.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to misappropriated gratuities, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

62.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

63.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

64.     Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

65.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

### SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

66.     Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

67.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

68.     Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

69.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

**Fair Labor Standards Act – Misappropriation of Tips**

70.     Plaintiff and the Collective Action Members reallege and incorporate by reference all allegations in all preceding paragraphs.

71.     The wage payment provisions of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.* apply to Defendants, and protect the Plaintiff and the Collective Action Members.

72.     Defendant Stavros Kokkosis illegally misappropriated the Plaintiff's tips by retaining a significant portion of credit card tips received by her.

73.     As a result of Defendants' continuous and willfull violations of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.*, Plaintiff and the Collective Action Members are entitled to damages for the value of the misappropriated

gratuities, as well as liquidated damages as provided for by the 29 U.S.C. § 216(b), including reasonable attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION

#### New York Labor Law – Minimum Wage

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

76.     At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

77.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

78.     From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013 to December 30, 2014, the minimum hourly wage was $8.00, from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

79.     Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

80.     Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 146-1.2.

81.     Defendants did not even pay Plaintiff at the lower tip-credited rate frequently claimed for food service employees. Instead, they paid her $3.00 from January 2001 to February 2016, and $3.84 from February 2016 to September 2016.

82.     Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

83.     Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

84.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

87.    Defendants have failed to pay Plaintiff proper overtime which she was entitled to at a wage rate of one and one-half times her regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

88.    Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

89.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

90.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### SIXTH CAUSE OF ACTION

**New York Labor Law – Spread-of-Hours Pay**

91.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.    The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

93.    Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift

exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

94.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

95.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Misappropriation of Tips

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.     The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 146 *et seq.* apply to Defendants, and protects Plaintiff.

98.     Defendants were prohibited from demanding, accepting or retaining, directly or indirectly, any part of the gratuities received by the Plaintiff pursuant to NYLL Article 6, § 196-d and 12 N.Y.C.R.R. §§ 146-2.16(b) and 146-2.18.

99.     Defendant Stavros Kokkosis illegally misappropriated the Plaintiff's tips by retaining a significant portion of all the credit card tips received by her.

100.    Upon information and belief, Defendants failed to establish, maintain and preserve for at least six (6) years accurate tip records showing the amount, shares and daily log of tips collected by each employee at each position in violation of 12 N.Y.C.R.R. § 146-2.1.

101.    As a result of Defendants' continuous and willful violations of the NYLL § 196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 *et seq.*, Plaintiff is entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by NYLL § 198(1-a), reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

104.    Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## NINTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

105.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106.    Defendants have failed to provide Plaintiff with wage statements listing all her hours of work; rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

107.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.    An order tolling the statute of limitations;

C.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

D.      Unpaid minimum wages, overtime pay and tips under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.      Unpaid minimum wages, overtime wages, tips, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

I.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K.      An award of pre-judgment interest of nine per centum per annum    (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N.      Such other relief as this Court shall deem just and proper.

19

Dated: November 29, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:  _____

Yesy Sanchez (YS-0502)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email: yesy@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against ___Sayville Aegean Cafe Inc.___,
and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act,
pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in
such a lawsuit.

Dated: 10 / 24 /2016

_Artemis Roussodimou_
**Signature**

_Artemis Roussodimou_
**Print**

_77-216 Waverly Ave_
_Patchogue N.Y 11772_
**Address**

_(631) 960-4418 cell_
**Telephone**